J. A21013/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICK L. HENNESSY, | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| v. | : |
| | : |
| SHAWN ROBERTSON, JR., SHAWN | : |
| ROBERTSON, BRUCE REIKOW, RYAN | : |
| CARUSO, FRANK D. CARUSO, AND | : |
| ROSETTA L. CARUSO, H/W, | : |
| | : |
| APPEAL OF: RYAN CARUSO, | : |
| | : |
| Appellant | : No. 3353 EDA 2013 |

Appeal from the Judgment Entered November 21, 2013,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 4451 January Term, 2011

BEFORE: BOWES, OTT, and STRASSBURGER*, JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED OCTOBER 24, 2014**

I join the well-written Majority Memorandum, with one exception.

I disagree with the Majority's conclusion that the trial court did not err by admitting Schorr's expert reconstruction testimony. Majority Memorandum, at 17. "'Expert testimony is inadmissible when the matter can be described to the jury and the condition evaluated by them without the assistance of one claiming to possess special knowledge upon the subject.'" **Collins v. Zediker**, 218 A.2d 776, 777 (Pa. 1966) (*quoting* **Burton v. Horn & Hardart Baking Co.**, 88 A.2d 873, 875 (Pa. 1952)). Instantly, as the trial court aptly pointed out, "the key facts of this case were really not in dispute." Trial Court Opinion, 4/10/2014, at 12. Thus, because

*Retired Senior Judge assigned to the Superior Court.

this case involved an uncontested sequence of events with respect to a motor vehicle accident, matters easily understood by a jury, expert testimony should not have been permitted. Permitting unnecessary expert testimony both lengthens trial and vastly increases the expense thereof.

However, Caruso is not entitled to a new trial on this basis. "A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake." *Rettger v. UPMC Shadyside*, 991 A.2d 915, 923-24 (Pa. Super. 2010). Caruso argues that "Schorr's testimony was particularly prejudicial to Caruso because the [trial court] implicitly signaled to the jury that his expert testimony should be given more weight than that of lay witnesses." Caruso's Brief at 38. In support of this argument, Caruso observed that the trial court permitted Schorr to rebut the testimony of a lay witness about the speed the vehicle was traveling when it severely injured Hennessy. I disagree that Schorr's testimony had the import attributed to it by Caruso. Hennessy's severe injury speaks for itself, and the key question in this case was not the speed of the vehicles, but how to divide liability between the tortfeasors. The expert testimony did not influence that determination. As such, even though the trial court should not have permitted the expert testimony, the testimony did not result in such prejudice that a new trial is warranted.

I write also because I am troubled by the aspersions Caruso casts upon the learned trial judge. For instance, Caruso's Reply Brief refers to "the Trial Court's biased evidentiary rulings." Caruso's Reply Brief, at 7. While I understand that Caruso disagreed with some of the trial court's rulings, it is inappropriate, and part of a growing and disturbing trend, to equate a court's ruling for or against a party as being biased. Such allegations are serious in nature. Courts can be wrong without being biased. Counsel should tone down the rhetoric.